# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

JOHN MOSIER, )
            )
    Petitioner, )
            )
v.            )   Case No. 19-CV-0453-CVE-FHM
            )
JANET DOWLING, )
            )
    Respondent. )

## OPINION AND ORDER

Petitioner John Mosier, a state inmate appearing pro se, commenced this action on August 14, 2019, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). He paid the filing fee in full on August 15, 2019. Dkt. # 2. For the reasons that follow, the Court finds that the petition is an unauthorized successive petition and that the petition shall be dismissed without prejudice for lack of jurisdiction.

## I.

This is Mosier's third-in-time § 2254 petition seeking federal habeas relief from the judgment and sentence entered against him in the District Court of Mayes County, Case No. CRF-1980-41. See Dkt. # 1, at 1; Mosier v. Dowling, No. 16-CV-067-JED-FHM, 2017 WL 653261, at *1, 6 (N.D. Okla. 2017) (unpublished) (discussing Mosier's first § 2254 petition, filed July 12, 1982, in N.D. Okla. Case No. 82-C-676-B, and dismissing Mosier's second § 2254 petition, filed February 5, 2016, as unauthorized second or successive petition); Mosier v. Murphy, 790 F.2d 62, 66-67 (10th Cir. 1986) (affirming district court's order denying Mosier's first § 2254 petition). In that case, Mosier

pleaded guilty to first degree murder, and the trial court imposed a sentence of life without the possibility of parole. Dkt. # 1, at 1-2; Mosier v. Dowling, 2017 WL 653261, at *1.

In his first § 2254 petition, Mosier claimed that (1) he was improperly denied post-conviction relief in state court because his guilty plea was not voluntary, (2) his guilty plea was the product of duress, coercion, threats, and intimidation, and (3) he was denied his right to the effective assistance of counsel because his attorney had a conflict of interest. See Mosier v. Dowling, 2017 WL 653261, at *1 (identifying claims asserted in first § 2254 petition). The court denied relief on the merits, and the Tenth Circuit Court of Appeals affirmed. Id.; Mosier v. Murphy, 790 F.2d at 64-67.

In his second § 2254 petition, Mosier claimed that (1) the trial court violated his 14th Amendment rights to due process and equal protection by failing to place him under oath before accepting his guilty plea, and (2) the trial court "failed to get an adequate factual basis for [the] plea on October 28, 1980" because the trial court did not ask Mosier if he shot the victim. Mosier v. Dowling, 2017 WL 653261, at *1. The court determined that Mosier's second § 2254 petition was an unauthorized second or successive petition, under 28 U.S.C. § 2244(b)(3)(A). Id. at *1. Following thorough consideration of the factors identified in In re Cline, 531 F.3d 1249 (10th Cir. 2008), the court declined to transfer the second § 2254 petition to the Tenth Circuit Court of Appeals for authorization. Id. at *2-5. The court, instead, dismissed the petition and declined to issue a certificate of appealability. Id. at *5-6.

In the instant § 2254 petition, Mosier reasserts his claim that the trial court violated his 14th Amendment rights to due process and equal protection by failing to place him under oath before accepting his guilty plea. Dkt. # 1, at 7-8.

2

## II.

The Antiterrorism and Effective Death Penalty Act (AEDPA), governs review of "second or successive" § 2254 habeas petitions. Specifically, 28 U.S.C. § 2244(b) provides:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate of the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).[1]

However, in light of Supreme Court precedent, the threshold question is whether Mosier's third-in-time § 2254 habeas petition is a "second or successive application" subject to § 2244(b). Significantly, the Supreme Court "has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application." Panetti v. Quarterman, 551 U.S. 930, 944 (2007). In Panetti, the Supreme Court explained that "[i]n the usual case, a petition

---

[1] Sections 2244 and 2254 refer to an "application for writ of habeas corpus" and a habeas "applicant," but the case law discussing both sections often uses the terms "application" and "petition" and the terms "applicant" and "petitioner" interchangeably. The Court follows that same practice herein.

filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's 'second or successive' bar." Id. at 947; see also Burton v. Stewart, 549 U.S. 147, 153 (2007) (concluding second-in-time habeas petition was "second or successive" under 28 U.S.C. § 2244(b) because state prisoner "twice brought claims contesting the same custody imposed by the same judgment of a state court"). But the Panetti Court acknowledged there are "exceptions" to that general rule. Panetti, 551 U.S. at 947. For example, in Panetti, the Supreme Court held that the "statutory bar on 'second or successive' applications does not apply to "a § 2254 application raising a Ford-based incompetency claim filed as soon as that claim is ripe," even if that application is filed after the petitioner has sought federal habeas relief from the same judgment and sentence through a prior § 2254 petition.² Id. at 945; see also Magwood v. Patterson, 561 U.S. 320, 341-42 (2010) (recognizing exception when "there is a 'new judgment intervening between the two habeas petitions,'" and reasoning that "an application challenging the resulting new judgment is not 'second or successive' at all" (quoting Burton v. Stewart, 549 U.S. 147, 156 (2007))); Stewart v. Martinez-Villareal, 523 U.S. 637, 643 (1998) (treating second-in-time application as part of first-in-time application where second application was premised on newly ripened Ford claim that had been presented in first application and dismissed as "premature").

Thus, while the plain language of § 2244(b) would seem to dictate that Mosier's third-in-time § 2254 habeas petition challenging the same state-court judgment he has challenged in two prior habeas petitions is a successive application, the Court must determine whether it is "second or

---

² A Ford-based incompetency claim is a claim asserted under Ford v. Wainwright, 477 U.S. 399 (1986), alleging that a prisoner who was found competent to be tried, convicted, and sentenced to death should not be executed because his present mental condition has deteriorated to the point of rendering him incompetent and therefore ineligible to be executed. See Panetti, 551 U.S. at 934-35.

4

successive" under binding Supreme Court precedent. The Court finds, for two reasons, that it is. First, unlike the petitioners in Panetti and Martinez-Villareal, Mosier does not attempt to present a newly-ripened claim. Instead, he presents the same claim he asserted in his second § 2254 petition. Second, unlike the petitioner in Magwood, Mosier does not seek to challenge a "new" or "intervening" judgment and sentence. Rather, like the petitioner in Burton, Mosier has now thrice "brought claims contesting the same custody imposed by the same judgment of a state court," Burton, 549 U.S. at 153, namely, the judgment and sentence entered against him in October 1980. For these reasons, the Court finds Mosier's third-in-time § 2254 petition is "second or successive" within the meaning of § 2244(b).

As a result, Mosier was required to obtain authorization from the Tenth Circuit Court of Appeals before filing the instant petition. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by [§ 2244(b)] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Yet, nothing in the petition suggests that he did so. Because Mosier did not obtain the requisite authorization, the Court finds that the third-in-time § 2254 petition is an unauthorized successive petition and that the petition shall be dismissed for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to

address the merits of a second or successive . . . § 2254 claim until [court of appeals] has granted the required authorization.").[3]

Further, because reasonable jurists would not debate the Court's conclusion that Mosier's third-in-time § 2254 petition is an unauthorized successive petition over which this Court lacks jurisdiction, the Court declines to issue a certificate of appealability. See 28 U.S.C. 2253(c)(1)(A); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for lack of jurisdiction as an unauthorized successive petition.

2. A certificate of appealability is **denied**.

3. A separate judgment of dismissal shall be entered herewith.

**DATED** this 22nd day of August, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[3] The Court has discretion to transfer this matter to the Tenth Circuit Court of Appeals for authorization rather than dismissing it. See Cline, 531 F.3d at 1252; 28 U.S.C. § 1631. But because it is clear (1) that Mosier asserts the same claim he presented in his second § 2254 petition, i.e., a claim that is subject to dismissal under § 2244(b)(1), and (2) that Mosier is not at risk of losing any timely claims, the Court finds that the "interest of justice" does not warrant transfer. See Cline, 531 F.3d at 1250-53 (discussing factors to consider in determining whether transfer under § 1631 is appropriate).